932 A.2d 869

The PENNSYLVANIA GAMING CONTROL BOARD, Petitioner

v.

CITY COUNCIL OF PHILADELPHIA; Patricia Rafferty, in Her Capacity as Chief Clerk of City Council of Philadelphia; Philadelphia County Board of Elections; and the Honorable Nelson Diaz, the Honorable Paul Jaffe, and the Honorable Gene Cohen, Acting City Commissioners, in Their Official Capacity as the Philadelphia County Board of Elections, Respondents.

Nos. 55 and 56 EM 2007.

Supreme Court of Pennsylvania.

April 13, 2007.

## ORDER

PER CURIAM.

**AND NOW**, this 13th day of April, 2007, upon consideration of the Pennsylvania Gaming Control Board's Emergency Petition for Review Concerning the Ordinance Passed by City Council for the City of Philadelphia on March 29, 2007, the Emergency Application for Emergency Special Relief Pursuant to Pa.R.A.P. 1532(a), the Emergency Application for Leave to File Original Process, and the Emergency Application for a Preliminary Injunction Pursuant to Pa.R.Civ.P. 1531(a) it is hereby ordered that

(1) the Gaming Control Board's Application for Leave to File Original Process is granted;

(2) the parties are directed to submit the matter on briefs;

(3) the Prothonotary's Office is directed to establish an expedited briefing schedule; and

(4) the Gaming Control Board's request for a preliminary injunction enjoining Respondents from placing the proposed question on the ballot in the May 15, 2007 primary is granted.

Justice SAYLOR files a Dissenting Statement which Justice CASTILLE joins.

Justice SAYLOR, dissenting.

The Pennsylvania Gaming Control Board seeks preliminary and permanent relief, effectively to negate an ordinance enacted by the Philadelphia City Council placing a referendum question on the local ballot in the May 15, 2007, primary election.

The Board asks this Court to exercise its exclusive, original jurisdiction over the matter under 4 Pa.C.S. § 1904. Section 1904, however, pertains to challenges concerning the constitutionality of the Gaming Control Act. *See* 4 Pa.C.S. § 1904 ("The Pennsylvania Supreme Court shall have exclusive jurisdiction to hear any challenge to or render a declaratory judgment concerning the constitutionality of this part."). The Board is not seeking here to raise a challenge to its own enabling legislation; rather, it is challenging the validity of a Philadelphia ordinance. Therefore, the effort to invoke this Court's exclusive jurisdiction under Section 1904 is not well taken.

As of last year, this Court has also been charged with "exclusive appellate jurisdiction to consider appeals of a final order, determination or decision of a political subdivision or local instrumentality involving zoning . . . of a licensed [gaming] facility." 4 Pa.C.S. § 1506. On its plain terms, however, the statute merely shifts jurisdiction over appeals, *i.e.,* matters that otherwise would have been within the appellate jurisdic-

tion of the intermediate appellate or common pleas courts, to this Court. Its provisions do not purport to fundamentally alter the character of appellate jurisdiction.

In the present case, the challenged government action is a legislative act, namely, the promulgation of a City ordinance, which is simply not a matter that implicates any court's appellate jurisdiction. Rather, challenges to legislative decisions of this sort, where cognizable, proceed in the judicial system by way of original jurisdiction actions, such as a declaratory judgment proceeding. *See, e.g., Devlin v. City of Philadelphia,* 580 Pa. 564, 862 A.2d 1234 (2004).[1]

I recognize that, given the substantial public importance of the Board's challenge, the present circumstances may implicate an exercise of this Court's King's Bench powers. *See generally In re Avellino,* 547 Pa. 385, 690 A.2d 1138, 1140–41 (1997). However, the Board has not framed its request in such terms, and to the extent that this Court will invoke this extraordinary form of jurisdiction *sua sponte,* I believe that this should be accomplished as a matter of record prior to the award of a preliminary injunction that will likely have the effect of a final one with respect to the challenged ordinance, since the ordinance is couched solely in terms of the May 2007 election.

In summary, I do not believe that the Court should enter a preliminary injunction on the existing record in this case.

Justice CASTILLE joins this dissenting statement.

1. I recognize that, had the General Assembly foreseen the present circumstances, it might very well have drafted Section 1506 more broadly. Nevertheless, our approach to statutory construction is to apply the plain terms of an enactment where they are clear, *see, e.g., Commonwealth v. McClintic,* 589 Pa. 465, 472–73, 909 A.2d 1241, 1245 (2006), as I believe they are here. Moreover, investing a State Supreme Court, which generally functions in an appellate capacity, with exclusive responsibility for original jurisdiction matters is a reordering of great consequence to both the Court (in terms of resources and procedures) and litigants, which I believe should occur only upon very clear and deliberate specification.